CITY OF LOWELL *vs.* JOSEPH PARKER & others.

If a constable takes goods on a writ directed to him, in which the damages are laid at a greater sum than seventy dollars, and makes return that he has attached the goods by virtue of the writ, he acts under color of his office, and the sureties on his official bond are liable for the malfeasance.

In an action against a constable and his sureties, on his official bond, in which the declaration assigns, as a breach of the condition of the bond, his wrongful taking and carrying away, under color of his office, certain enumerated goods of B., a judgment by default, recovered against the constable by B., for entire damages, in an action of trespass for taking and carrying away said enumerated goods, and others, is evidence against the constable's sureties, as well as against him, although they had no notice of the latter action, and although that action was originally brought against the constable and A. jointly, and was afterwards discontinued against A.  But in assessing the damages for which execution is to be awarded, in such case, after judgment is rendered for the penalty of the bond, the goods not enumerated in the breach of the condition thereof are not to be taken into consideration.

When it is shown in an action on a constable's official bond, that he wrongfully took the goods of B. under color of office, evidence is not admissible, in defence of the action, that before the goods were so taken, they had been mortgaged by a previous owner, that the mortgage was outstanding, and that the constable delivered the goods to the mortgagee, on demand :  But such evidence is admissible, after judgment is recovered for the penalty of the bond, in reduction of the damages for which execution is to be awarded.

THIS was an action of debt, brought for the benefit of William Bean, on a bond in the penal sum of $500, executed on the 30th of April 1841, by Joseph Parker, as principal, and Bethuel T. Cross and Charles Offutt, as sureties, the condition of which was, that said Parker should faithfully perform all the duties of the office of constable of the city of Lowell.   The breach of this condition, assigned in the plaintiff's declaration, was, that said Parker, on the 15th of February 1842, acting under color of his said office, took and carried away certain goods, (enumerated,) the property of William Bean, without right and against law, and afterwards, acting under color of his said office, detained the said goods. The declaration alleged the recovery of a judgment by said Bean against said Parker, for the taking and carrying away of said goods, for the sum of $90 damages, and also alleged that said judgment was unsatisfied, but did not allege that any notice was given, to the sureties on said bond, of the pendency of the action in which said judgment was recovered

On the trial it was proved or admitted that Parker was duly appointed constable on the 7th of April 1841, and that the bond in suit was approved by the mayor and aldermen of Lowell on the 30th of May following.

The plaintiffs then introduced a writ in favor of Joel Saunders, against William Bean, dated February 14th 1842, returnable to the court of common pleas on the second Monday of March then next, in which the *ad damnum* was one hundred dollars, but which was directed " to the sheriff of our county of Middlesex, his deputy, or either of the constables of Lowell in said county." And it appeared that said Parker, on that writ, attached all the articles enumerated in the plaintiff's declaration, except the articles called " fixtures of shop."

The plaintiffs also introduced a copy of a judgment recovered by William Bean against said Parker, by default, at the court of common pleas held on the second Monday of December 1842, in an action of trespass for taking " six forks " and also the articles enumerated in the plaintiff's declaration and in the return of the aforesaid writ of Saunders against Bean. It appeared that in the original writ, in that action, Saunders was joined, as a defendant, with Parker, and that his name was subsequently stricken out by leave of court, on motion of Bean, the plaintiff.

The plaintiffs also gave in evidence a paper signed " Joseph Parker, constable of Lowell," entitled " schedule of property attached on sundry writs, Joel Saunders *vs.* William Bean, February 14th 1842," which contained, in addition to the articles enumerated in the return aforesaid, " three stone jugs, one peck measure, and all the fixtures in the shop."

It was admitted that Parker had taken the poor debtors' oath on the execution that issued against him on the aforesaid judgment recovered by Bean.

The defendants contended, 1st, that the sureties of Parker were not answerable for any default or malfeasance committed by him while acting under the writ of Saunders against Bean ; because he could not lawfully serve the same as con-

stable of the city of Lowell. 2d. That the action could *not* be maintained against the defendants, because the judgment recovered by Bean against Parker was recovered against him in an action wherein he was sued jointly with Saunders, and damages were therein assessed for the taking of six articles of personal property not specified in the return to the writ of Saunders against Bean, to wit, six forks, and for two articles not specified in the aforesaid schedule. 3d. The defendants offered to prove that, previously to the taking of said goods on the writ of Saunders against Bean, and before Bean had any title to the same, said goods belonged to Thomas Saunders who, on the 28th of December 1841, conveyed them in mortgage to David S. Wood, who assigned said mortgage, on the 8th of January 1842, for a valuable consideration, to Locke & Patch ; that said mortgage and assignment were duly recorded ; and that Locke & Patch, after the said attachment by Parker, demanded said goods of him, by force of said mortgage, and that Parker delivered the same to them.

But the judge ruled against the defendants, upon the points made by them, and refused to admit the evidence offered by them, and directed a verdict for the plaintiffs for the penalty of the bond. The defendants thereupon alleged exceptions.

*Wentworth,* for the defendants. As the *ad damnum* in the writ on which Parker took the goods exceeded $70, his act in taking them was not *colore officii,* (Rev. Sts. *c.* 15, § 71,) and his sureties are no more answerable therefor than if he had acted without any writ. *Cook* v. *Palmer,* 6 Barn. & Cres. 739, and 9 Dowl. & Ryl. 723.

The judgment of Bean against Parker was not so recovered as to render the sureties liable. There was a change of the writ in the action on which that judgment was rendered, by striking out the name of Saunders, one of the defendants therein ; and Parker, supposing that Saunders was defending, was then defaulted ; no notice of the pendency of the action having been given to Parker's sureties. The record of the judgment in Bean's suit, in order to render it ev-

idence against the sureties, should have shown that it was recovered for an act done by Parker as constable, or *colore officii,* or that they had notice of the pendency of that suit. *Gold* v. *Train,* 5 Pick. 380. *Bond* v. *Ward,* 1 Nott & M'Cord, 201. At any rate, they are not concluded by that judgment. *Hayes* v. *Seaver,* 7 Greenl. 237. *Foxcroft* v. *Nevens,* 4 Greenl. 72. *Crandall* v. *Gallup,* 12 Connect. 365. *Cleaton* v. *Chambliss,* 6 Rand. 86. *Towns* v. *Nims,* 5 N Hamp. 259. *Dawes* v. *Shed,* 15 Mass. 6. *Carmack* v. *Commonwealth,* 5 Binn. 184.

Another reason why that judgment is not evidence is, that it was founded on the taking of articles not attached, and the damages are entire.

Evidence should have been received that Bean had no right to attach the goods, because they were mortgaged to a third person.

*B. F. Butler,* for the plaintiffs. By *St.* 1838, *c.* 181, § 3, the constables of Lowell are to give bonds to the city, "upon which bonds the like proceedings and remedies may be had as are by law provided in case of sheriffs' bonds." The Rev. Sts. *c.* 14, § 64, and *c.* 70, §§ 3, 4, 5, 7, show what those "proceedings and remedies" are, and that the present action is conformable thereto. The Rev. Sts. *c.* 14, § 65, provide that "no suit on a sheriff's bond shall be instituted, until the party instituting it shall have recovered judgment against the sheriff, his executors or administrators, for a breach of the condition of the bond; and such judgment, or such part thereof as shall be unsatisfied, with the interest due thereon, shall be the amount for which execution shall be awarded." Nothing is here said about notice to the sheriff's sureties of the pendency of the action against the sheriff, which is the foundation of the suit against them on his bond, and the measure of their liability in that suit.

In actions against principals and sureties, what is evidence against the former is also evidence against the latter. See *Hunt* v. *Bridgham,* 2 Pick. 581. *Frye* v. *Barker,* 4 Pick 384. *Baker* v. *Briggs,* 8 Pick. 128. A judgment against an

administrator is evidence against his sureties, unless it was recovered collusively. *Heard* v. *Lodge*, 20 Pick. 58. And it is no objection in the case at bar, that the judgment given in evidence was recovered in a suit originally brought against Saunders & Parker. For after the name of Saunders was stricken out, the action stood as if it had been commenced against Parker alone.

The taking of Bean's goods by Parker, being under a writ directed to and returned by him as constable, was *colore officii*, and his sureties are liable therefor. *Knowlton* v. *Bartlett*, 1 Pick. 271. *Harrington* v. *Fuller*, 6 Shepley, 277.

The objection to the variance between the articles enumerated in the declaration, and in Parker's return of the writ and his schedule, can avail nothing, except in the assessment of damages. So of the outstanding mortgage of the goods.

S HAW, C. J. The present action is brought in the name of the city of Lowell, on a bond given by Parker, on his appointment as a constable, against him and his sureties, for the use and benefit of a person who alleges himself to be aggrieved by the misfeasance of the constable in his office. Such an action is authorized by *St.* 1838, *c.* 181, § 3, which enables the mayor and aldermen of the city of Lowell to require of its constables to give bonds to the city, and directs that the proceedings on the bonds shall conform to those directed to be had on sheriffs' bonds, which are regulated by Rev. Sts. *c.* 14, § 64; and this refers again to the provisions, in regard to suits on administration bonds, for the benefit of creditors and others, which are found in Rev. Sts. *c.* 70. It is objected in the present case, that the sureties are not liable, because the constable undertook to make an attachment on a writ, in which the *ad damnum* exceeded $70, and which, therefore, he had no authority to serve. But we think the objection cannot be sustained. He was an officer, had authority to attach goods on mesne process, on a suitable writ, professed to have such process, and thereupon took the plaintiff's goods; that is, the goods of Bean for whose use and benefit this action is brought, and who, therefore, may be

called the plaintiff. He therefore took the goods *colore officii*, and though he had no sufficient warrant for taking them, yet he is responsible to third persons, because such taking was a breach of his official duty. *Grinnell* v. *Phillips*, 1 Mass. 530. That the property sued for, except the forks, was taken *colore officii*, is manifest from the constable's return on the writ, and also from a schedule certified by him in his official capacity, stating that he had attached the property on the process, at the suit of Saunders against Bean. Both of them purport to be official acts, done by Parker by color of his office, as constable, and this is sufficient to give a remedy to persons injured by his violation of official duty. The sureties, in this respect, stand to the constable nearly in the same relation in which a sheriff stands to his deputy, for whose conduct he is responsible.

It was next contended by the defendants, on several grounds, that the judgment recovered by the plaintiff was not competent evidence in this suit.

1. It is objected that the suit was originally commenced against Parker, the officer, and Saunders, the plaintiff and attaching creditor in the original suit, jointly, and subsequently the plaintiff discontinued against Saunders, and took judgment against Parker alone, by default. We see not how this can affect the judgment. After the discontinuance against Saunders, the action stood on the same ground as if it had been commenced against him alone. But if it had been a judgment against Saunders and Parker both, we think it would have been admissible for the purpose for which it was offered. The object of the judgment was to show that Parker had taken the plaintiff's goods wrongfully ; and this is all which it shows. It does not show whether he took them by color of lawful process, or how otherwise. Now in tres pass all are principals, and all are liable severally as well as jointly. Suppose, therefore, it is shown that Parker took the plaintiff's goods wrongfully ; is it less a wrongful act on his part, or does it lessen the responsibility of those who are sureties for his lawful conduct, that he did the unlawful act

at the instance of another person, who would also be a trespasser by the doing of the same act ? It would not be less a wrongful act and unlawful taking on the part of Parker; the fact it was offered to prove. On both grounds, therefore, we think it no objection to this judgment that it was in a suit commenced against Parker and Saunders jointly.

2. But it is objected that this judgment was not admissible, because the sureties were not notified, and therefore it was *res inter alios*. But we think this objection cannot be supported, under the circumstances of this case. When one is responsible, by force of law or by contract, for the faithful performance of the duty of another, a judgment against that other for a failure in the performance of such duty, if not collusive, is *primâ facie* evidence, in a suit against the party so responsible for that other. If it can be made to appear that such judgment was obtained by fraud or collusion, it will be wholly set aside. But otherwise it is *primâ facie* evidence, to stand until impeached or controlled, in whole or in part, by countervailing proofs. In a suit on an administrator's bond, in the name of the judge of probate, a judgment in favor of a creditor, against the administrator, is competent, and in some cases it is necessary evidence. *Heard* v. *Lodge*, 20 Pick. 53. So, where one has become surety for the conduct of another. *Train* v. *Gould*, 5 Pick. 380. In the cases cited from Maine, the question was not whether the judgments against principals were competent, but whether they were conclusive. The decisions imply that they were competent. *Foxcroft* v. *Nevens*, 4 Greenl. 72. *Hayes* v. *Seaver*, 7 Greenl. 237. It is perhaps unnecessary, in the present case, to decide whether, to any extent or for any purpose, the judgment against Parker was conclusive upon the sureties. It purports to prove nothing more than that the defendant Parker unlawfully took certain goods of the plaintiff. Whether he was an officer, or whether he took them by color of office, it does not purport to decide. All that, therefore, is left to evidence *aliunde*. If it appears by such evidence that any of the property was taken by color of office, as it

no doubt does upon the evidence reported, that shows an official misfeasance, which is a breach of the bond, and entitles the plaintiff to judgment as for such breach. But when it comes to the assessment of damages, and it is open to question, whether the trespass for which judgment was recovered in the action of trespass was done by color of office, it will no doubt be competent to the court or jury, who assess the damages, to ascertain what portion of the property was so taken; for it is that part only which is in question in this suit. And if it turns out, as the evidence at present shows, that a part of the property for which the judgment was rendered was not taken by Parker by color of his office, and does not appear as such, either on his return or on the certified schedule given to the plaintiff, then, as the damages were entire, the question of damage must be opened anew.

In regard to the evidence offered by the defendants, to prove that the goods had been mortgaged by a previous owner, before they were attached, that such mortgage was outstanding and in force, that the mortgagee demanded them, that Parker delivered them, it was in effect to prove a paramount title in another, to which the defendant, on demand made, rightfully yielded. If this was offered as evidence to show a defence to the action, we think it was rightfully rejected. It did not tend to show that the defendant had not wrongfully taken the goods, and taken them by color of office; and this disturbance of the possession of the plaintiff, without lawful authority, was an injury amounting to a breach of the bond.

But when the question of damages arises, upon a hearing in equity, we are inclined to the opinion that the evidence would be admissible in reduction of damages. *Squire* v. *Hollenbeck*, 9 Pick. 551. It would show that he whose goods were taken out of his possession had only a naked possession and right to redeem, an interest much less in amount than an unincumbered and absolute title, and therefore that he has lost less than if he had had such absolute title. Of course such paramount title must be clearly shown, and that Parker did right in submitting to it; and, for that purpose,

it must appear that the mortgagee had a good title, and made a legal demand.

The court are of opinion that judgment must be entered for the plaintiffs for the penalty of the bond, and that the case stand for the assessment of damages, on a prayer to be heard in equity, to ascertain the sum, part of the penalty, for which execution shall be awarded in favor of the party for whose use the action is brought.