TURNER, FRAZER & CO., PLAINTIFFS IN ERROR, v. JOSEPH KILLIAN, ET AL., DEFENDANTS IN ERROR.

1. Sheriff: OFFICIAL BOND: LIABILITY OF HIS SURETIES. Where a sheriff, with a process against the property of one person, seizes, by virtue thereof, the property of another, he is guilty of official misconduct, for which he and his sureties are liable in an action on his official bond. Nor does it matter as to the liability of his sureties, whether he do this knowingly and willfully, or through gross carelessness, or mere indifference to official duty.

2. Pleading: DEMURRER. Where, notwithstanding formal defects in a petition, enough is alleged to support a judgment in favor of the plaintiff it is not subject to general demurrer.

3. Chattel Mortgage: CONSIDERATION. As to attachment creditors of the mortgagor a pre-existing debt, already due, is a good consideration for a chattel mortgage, and protects the mortgagee to the same extent as would a new consideration given at the time of making the mortgage.

·4. ——: POSSESSION BY MORTGAGOR. A chattel mortgage of a stock of goods containing a clause, by which the mortgagor is given possession with power of sale in the usual course of trade, the proceeds to go in satisfaction of the mortgage debt, although by our statute made presumptively fraudulent, is not conclusively so, and may, by satisfactory evidence, be shown to have been made in good faith.

·5. ——: FRAUD IS A QUESTION OF FACT. The question whether there was fraudulent intent in the giving of a chattel mortgage is, in all cases, one of fact, and must be raised, if at all, by suitable pleading.

ERROR to the district court for Hall county. Heard below before POST, J.

*Abbott & Caldwell*, for plaintiff in error, on liability of sheriff, cited *Noble v. Himeo, ante* p. 193. *Huffman v. Kopplekom*, 8 Neb., 344. Brandt on Suretyship, 627. Cooley on Torts, 397. On validity of mortgage, cited *Robinson v. Elliott*, 22 Wall., 513. *Frankhouser v. Ellett*, 22 Kan., 127. *Goodheart v. Johnson*, 88 Ill., 58.

*Thummel & Platt*, and *James H. Woolley*, for defendants in error, claimed that act of sheriff was a wilful trespass for which sureties are not liable, it being done *virtute officii*, and not *colore officii*. *Story v. Jennings*, 14 Ohio State, 43. *Ottenstein v. Alpaugh*, 9 Neb., 237. *Ex parte Reed*, 4 Hill, 572. *State v. Mann*, 21 Wis., 693. The mortgage was void. Herman on Chattel Mortgages, 222 to 236. 3 Neb., 76. 6 Neb., 392. 8 Neb., 373.

LAKE, CH. J.

This is a petition in error from Hall county. The action below was against Joseph Killian, the sheriff of that county, and his sureties, upon his official bond to recover damages alleged to have been sustained by the plaintiffs as mortgagees of certain personal property, in consequence of its seizure and sale by that officer under a process which he held against the property of the mort-

gagor. To the petition several demurrers were inter- posed, one by the sheriff, and one by his sureties. These demurrers, which were general, were sustained, and it is this ruling of the court that is now complained of.

On behalf of the sureties it is claimed in support of the ruling upon their demurrer that, inasmuch as the petition shows the seizure of the goods to have been made by the sheriff after being fully advised by the plaintiffs of their claim to them, his act was a trespass for which they are not answerable. And cases are cited which support coun- sel in this view; but, as we think, the great weight of the authorities is the other way.

In the case of *The People v. Schuyler*, 1 Comstock, 173, it was held that: "Where a sheriff, having in his hands a process against the property of the defendant therein, seizes by virtue thereof the goods of another person, he is guilty of official misconduct, and he and his sureties thereby become liable on his official bond." To the same effect are the following of the numerous cases that might be cited. *Carmack v. Commonwealth,* 5 Binney, 184. *Commonwealth v. Stockton,* 5 Monroe, 192. *State, ex rel. Blinebury v. Mason,* 25 Wis., 684. *Moulton v. Jose,* 25 Me., 76. *Charles v. Haskins,* 11 Ia., 329. *Skin- ner v. Phillips,* 4 Mass., 68. And our own decisions upon the question are in accord with the view that, when a sheriff in the performance of his official duty is guilty of misconduct resulting injuriously whether to one, like a party to a suit, having a direct interest in his action, or to a stranger to the proceeding, both he and his sureties are answerable therefor.

In the case of *Kane v. Union Pacific Railroad Co.,* 5 Neb., 105, where one of the conditions of the bond of Kane as county treasurer was the same as the one now under consideration, viz: that "he shall faithfully and impartially, without fear, favor, fraud, or oppression, dis- charge all the other duties now or hereafter required of

his office by law," it was held that the exaction of illegal fees as treasurer rendered both him and his sureties liable.

Again, in the case of *Huffman v. Kopplekom*, 8 Neb., 344, where it was shown that the defendant, as sheriff, holding a process authorizing him to arrest one Clark, who was charged with a felony, through carelessness and unlawfully arrested the plaintiff, and in so doing seriously wounded him, we held that both the sheriff and his sureties were liable in an action on his bond.

Still another case possibly more directly in point, and recently decided, is that of *Noble v. Himoe*, *ante* page 193, in which a constable with an execution in his hands against the property of S., the keeper of a drug store, seized a lot of patent medicines held by the druggist for sale on commission, although duly notified that they belonged to another. It was held that the constable and his sureties were liable to the owner of the medicines for their value.

In the case now under consideration counsel for the defendant in error lay particular stress upon the fact of its being alleged in the petition " that the defendant Killian * * * having full knowledge of plaintiffs ownership and possession, wrongfully and unlawfully broke into said store, seized said goods," etc., and claim that inasmuch as this shows a deliberate act of trespass it cannot properly be said to have been an official act. We think this position is untenable. The sheriff had the process of a court, which by the law he was directed to execute in a certain manner upon the property of the person named therein. The condition of his bond which ran to the county of Hall, for the benefit of the public, was that he would do this faithfully and without favor, or oppression, etc. This he did not do, but instead took the property of another and disposed of it in satisfaction of the writ. This very clearly was a violation of official duty and with-

in the contemplation of his bond, just as much so as if the act had resulted from gross carelessness, or mere indifference in performing the duty enjoined upon him.

Another point made against the petition is, that it does not show from what court, nor when, the order of attachment under which the sheriff seized the goods was issued. This certainly was a defect which ought not to have occurred, and might have required an amendment of the pleading as to those particulars if a motion to that effect had been made at the proper time. We think enough was alleged, although very informally, to support a judgment in favor of the plaintiff, and therefore the omission complained of did not render the petition demurrable.

The point is also made against the petition that the mortgage is shown to have been given without consideration and is therefore void. The only ground for this assumption is the fact that the mortgage was given to secure the payment of an antecedent indebtedness then past due. "A pre-existing debt is a valuable consideration for a mortgage and protects the mortgagee to the same extent that he would be protected if he had paid a new consideration at the time of the mortgage." Jones on Chattel Mortgages, sec. 81, and cases there cited. There is nothing in the fact of the mortgage having been given to secure the payment of a debt already due that denotes fraud in the transaction.

It is claimed also, that this mortgage is fraudulent and void as to the creditors of the mortgagor, because of the following provision contained therein, under which he retained possession of the property until just before the levy was made, viz: " Said goods, wares and merchandise are to be sold at retail for cash, and true and correct books of account are to be kept and the proceeds of the daily sales are to be turned over to said Turner, Frazer & Co., (the mortgagees) and applied upon the above mentioned notes, until the same are all fully paid off and discharged.

The said stock hereby mortgaged to be owned, held and controlled by the said party of the second part (mortgagee) until said notes are fully paid and cancelled. Said Sawyer, (the mortgagor), to act in the premises for said T., F. & Co., until said indebtedness is fully liquidated, after which this mortgage shall be cancelled, and the possession of the remainder to be surrendered to said Sawyer."

Under some circumstances a mortgagee may employ the mortgagor as his agent to take care of the mortgaged property, after he has taken possession of it. Jones on Chattel Mortgages, sec. 181. Doing this, or leaving the mortgagor in possession of the property, is of course under our statute evidence of fraud in the making of the mortgage, but until the instrument is attacked on that ground it cannot be judged fraudulent. Our statute of frauds has this provision: " Sec. 11. Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the thing sold, mortgaged, or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the person claiming under such sale or assignment, that the same was made in good faith, and without any intent to defraud such creditors or purchasers." Under this provision it cannot reasonably be questioned, that if the goods are permitted to remain with the mortgagor, the mortgage as to his creditors, and subsequent purchasers in good faith, is *prima facie* fraudulent and void; and whenever the question is properly raised must be so declared, unless it is shown by competent evidence that it was

" really made in good faith, and without any intent to defraud such creditors or purchasers." *Pyle v. Warren,* 2 Neb., 241. By the term " creditors" in this section is not included all persons to whom the mortgagor may happen to be indebted at any time, but only those who are his creditors whilst the mortgaged property is " in his possession, or under his control." Sec. 12 of the chapter. on frauds, Comp. Stats., 288.

Section 20 of our statute of frauds provides that : " The question of fraudulent intent in all cases arising under the provisions of this chapter, shall be deemed a question of fact, and not of law," etc. Therefore, if the defendants wish to put in issue the *bona fides* of this mortgage, they must do so by suitable answers to the petition charging fraud directly, so that an issue may be formed, and the question submitted to a jury.

For these reasons the judgment must be reversed, the demurrer overruled, and the cause remanded for further proceedings.

REVERSED AND REMANDED.