GRAN. ENSIGN, PLAINTIFF IN ERROR, v. WILLIAM ROGGENCAMP, DEFENDANT IN ERROR.

1. **Practice:** ALIAS SUMMONS. To proceed regularly under the provision of the code, the clerk should not issue an *alias* summons except upon a return of "not summoned" to the prior writ, or an order of the court.

2. ——: ERROR WITHOUT PREJUDICE. But the clerk having issued an *alias* summons without such return, or order, which was duly served upon the defendant, who suffered judgment by default, *Held*, To be error without prejudice, and not ground for a reversal of the judgment.

3. **Mortgagee and Creditor:** FRAUD. Where a creditor of a mortgagor of goods claims them adversely to the mortgagee, on the ground of fraud, he must allege it by proper pleading in order to succeed.

THIS was an action brought in the district court of Lancaster county, by Roggencamp against Ensign, as sheriff of said county. Roggencamp was the mortgagee of certain chattels. P. J. and Mary A. Grant were the mortgagors, and Ensign, as sheriff, levied upon and sold said property to satisfy an execution issued on a judgment against P. J. Grant. Plaintiff claimed judgment for the value of the property and costs, and recovered the same before POUND, J., to reverse which Ensign came here upon a petition in error.

*Harwood & Ames* and *Mason & Whedon* for plaintiff in error,

1. Petition does not state a cause of action. *Brunswick v. McClay*, 7 Neb., 138. *B. & M. v. Lancaster Co.*, 4 Neb., 307. *Same v. York County*, 7 Neb., 487. The mortgage was void on its face. Mortgagor was in possession at time of levy, and even if the mortgage had been given for a debt not due, the failure of the mortgagee to take possession for an unreasonable time would have rendered the mortgage void *per se*, and what is a reasonable time is a matter of law for the court and not of fact for the jury. A delay of three or four days is unreasonable, unless occasioned by some circumstance rendering it inevitable. *Hanford v. Obrecht*, 49 Ill., 146. *Arnold v. Stock*, 81 Ill., 407. *Chapin v. Whitsett*, 3 Colorado, 315. *Travis v. McCormick*, 1 Montana, 347. *Reese v. Mitchell*, 41 Ill., 365. *Lemen v. Robinson*, 59 Ill., 115.

2. No writ was ever returned "not summoned," so no other writ could issue. Code, section 67.

*S. P. Vanatta* for defendant in error.

1. This is clearly a case to recover the value of property belonging to defendant in error and taken and converted by plaintiff in error to his own use.

The petition avers that the plaintiff below was the owner of the property; that it was taken by defendant below and converted to his use; that demand was made for the property, which was refused and its value stated at $300.00, the value of the property proved and judgment rendered therefor. The mortgage is referred to in the petition and made a part of it, but it is not necessary to refer to it or prove its existence in order to make a complete case. It is only the evidence of ownership or title. 'There is no omission of any fact necessary to make a clear case of conversion.

2. If one summons is issued in a cause and returned not legally served, the party has a right to issue and serve *alias* writs until he gets legal service, and all the defendant could ask would be that the costs of the writs not legally served should not be taxed to him,

LAKE, CH. J.

The court obtained jurisdiction of the defendant below by the service of the last of the several writs issued against him. Its issue without an order of the court for an *alias* summons may have been irregular, but it was not void. If the defendant desired to test its regularity he should have appeared in court in obedience to its command and brought his grievance promptly to the attention of the judge. But not having done so, it is now too late to complain. If, perchance, there were a technical error respecting the summons it cannot be said that he was at all prejudiced by it.

Section 67 of the code of civil procedure provides that: "When a writ is returned 'not s mmoned,' other writs may be issued until the defendant, or defendants, shall be summoned," etc. To proceed regularly under this provision, the clerk, without an order of the court to that effect, ought not to issue an *alias* summons except upon such return having been made to the first one by the proper officer, or person appointed to serve it. "The court," says the code, sec. 145, "in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." The error in question falls clearly within the operation of this provision and must be disregarded.

Another matter urged as error is that the petition does not state facts sufficient to constitute a cause of action. This point is based chiefly upon the want of an averment that the mortgage under which the plaintiff claimed the goods converted by the defendant was made in good faith and without any intent to defraud creditors of the mortgagor. We do not think such averment necessary. Until the *bona fides* of the parties to the instrument is attacked by one claiming adversely the statutory presumption of fraud arising from the retention of possession by the mort-

gagor does not attach. "The question of fraudulent intent in all cases," says the statute, "shall be deemed a question of fact, and not of law," etc. Comp. Stat., 289. Therefore, if the creditor of a mortgagor of goods claim them adversely to the mortgagee, on the ground of fraud, he must allege it by proper pleading in order to succeed. *Turner, Frazer & Co. v. Killian,* 12 Neb., 580. As between the mortgagor and the mortgagee, the petition shows that the latter had good title to the property, and that the title of the mortgagee—the defendant in error—accrued to him long prior to the seizure and conversion by the plaintiff in error under his execution.

JUDGMENT AFFIRMED.