JAMES H. HAMILTON, PLAINTIFF IN ERROR, V. MARTHA ROSS, DEFENDANT IN ERROR.

1.  A new trial will not be granted for errors occurring upon the trial of a cause which could not in any sense have been prejudicial to the losing party.

2.  **Fraud.** Questions of fraud are generally questions of fact, and must be raised, if at all, by suitable pleadings alleging such fraud.

3.  **Trial:** OFFER OF EVIDENCE. "In order to predicate error upon the sustaining by the court of an objection to a question propounded to the party's own witness, the party must make an offer to prove the fact or facts sought to be elicited by the question." *Masters v. Marsh*, 19 Neb., 458.

4.  **Conversion.** Where, in an action against a sheriff for the conversion of corn standing and growing in the field, by a sale thereof to satisfy an execution against a third party, the plaintiff in the action, by documentary evidence, proves a complete chain of title to the real estate from the government of the United States to her, and also that she was in possession of the land upon which the corn was grown, and raised the crop and had general charge of its management, and there was no evidence tending to prove that either the real estate or corn growing thereon belonged to the judgment debtor, there being no conflict in the testimony, it was *Held*, That an instruction given by the district court, to find for the plaintiff in the action, was correct.

ERROR to the district court for York county. Tried below before Norval, J.

*France & Harlan*, for plaintiff in error, cited: *Judge v. Vogel*, 38 Mich., 569. *Carew v. Mathews*, 49 Id., 302. *Gavigan v. Scott*, 51 Id., 375. *Comstock v. Smith*, 20 Id., 344. *Thompson v. Loeing*, 13 Neb., 386. *Koch v. Rhodes*, 10 Id., 445. *Ford v. Williams*, 24 N. Y., 359.

*Sedgwick & Power*, for defendant in error, cited: *Broadwater v. Jacoby*, 19 Neb., 77. *Masters v. Marsh*, Id., 462.

REESE, CH. J.

The original action in this case was instituted in the county court of York county, and such proceedings were had as resulted in the cause being removed to the district court by appeal.

The petition of plaintiff in that court, defendant here, contained the averment that, in the month of August, 1885, she was the owner and in possession of the following described property, to-wit: Twenty acres of corn standing in the field, on the south-west quarter of section seventeen, township eleven north, of range one west of the sixth P. M., of the value of $200, and on the day named in the petition, defendant wrongfully obtained possession of said property, and unlawfully and wrongfully converted the same to his own use, to the damage of the plaintiff in the sum of $200.

Plaintiff in error filed his answer, by which he alleged that, at the time mentioned in the petition, he was the sheriff of York county; that a judgment had formerly been rendered in the county court of York county in favor of one Mary E. Farmer and against Robert Ross, who was the husband of defendant in error; that on the 1st day of August, 1885, an execution was issued thereon, against the property of said Robert Ross, and directed to him as sheriff, and that under and by virtue of such execution, he levied upon the property mentioned as the property of the said Robert Ross, and sold the same, for the purpose of satisfying said execution; that at the time of such levy and sale, the property mentioned in the plaintiff's petition, was the property of the said Robert Ross, and subject to the levy aforesaid; that for the purpose of satisfying said execution, he sold the property, by virtue of his office as sheriff, and not otherwise. All other allegations of the petition are denied.

By her reply, defendant in error admitted that plaintiff

in error was the sheriff of York county as alleged; that the judgment was rendered against Robert Ross, and execution was issued and delivered to defendant, as sheriff, and levied by him upon the property described in the petition, and that the property was sold thereunder. All other affirmative allegations of the answer were denied.

The cause was tried to a jury, who, by the direction of the court, returned a verdict in favor of defendant in error for the sum of $65, that being the sum of $60 and interest thereon at seven per cent from August 30, 1885. A motion for a new trial was made, which was overruled, when judgment was rendered on the verdict.

The defendant in that action prosecutes error to this court as plaintiff in error. A number of errors are assigned in the petition in error and briefs, which will be noticed in the order presented.

It is insisted that the court erred in admitting in evidence certain deeds and contracts, for the purpose of proving the title of defendant in error to the real estate upon which the corn was growing, for the reason that there is no allegation in the petition that defendant in error was the owner of the land described in the deed and contracts. The petition alleged that defendant in error was the owner of the corn, at the time of its conversion. While it is perhaps true, that proof of possession of defendant in error, at the time of the levy, would have been sufficient, in the absence of proof of title, yet, it being shown that her husband, who was the execution debtor, was living upon the real estate with her, there could be no reasonable objection to proof that the real estate upon which the corn was grown belonged to her. Whether rightfully admitted or not, any error in that respect would have been wholly without prejudice to the rights of plaintiff in error.

It is claimed that it was admitted by plaintiff in error that the grantees described in the deeds were the owners of the land therein described, and hence there was error in

admitting them for the purpose of proving the title of defendant in error. For this admission we are referred to page one of the bill of exceptions. By this it is shown that upon the trial the following occurred: "It is admitted that in the year 1864 the Burlington & Missouri River Railroad Company in Nebraska was the owner of the land in controversy in this action." This admission, if made by the plaintiff in error, falls far short of admitting the title of defendant in error to the property, and, as we have seen, it was proper to prove such title.

A number of objections are made to the admission of documentary evidence, in the form of conveyances and contracts, which we deem it hardly worth while to notice, · as they must all be disposed of in the same way. These, we think, tended to prove the title of the real estate in defendant in error, and were therefore competent.

A number of questions propounded by counsel for defendant in error were objected to as leading, which objection was overruled, and the ruling of the court is assigned for error. We have examined the testimony throughout, and must dispose of the objections by the general remark that, while some of the questions were somewhat leading, yet such as were open to this objection were preliminary in their character, while others which were objected to upon that ground were susceptible of being answered by yes or no, but did not indicate to the witness the answer desired.

Plaintiff in error called as his own witness, Robert Ross, the husband of defendant in error, and propounded certain questions to him, which, upon objection being made, were excluded. The questions were evidently asked with a view of showing some kind of fraudulent combination between the husband and wife, yet this is not shown by the record, and many of the questions do not, within and of themselves, indicate any such purpose. If not for that purpose, it is difficult to conceive what the purpose was. The district court was left entirely in the dark, as to the pur-

pose of the questions, and no statement was made which would tend to enlighten the court upon this point. No offer of proof was made, and under the rule stated in *Masters v. Marsh*, 19 Neb., 462, and a number of decisions made prior thereto by this court, plaintiff cannot now assign error upon these rulings. But assuming all that might be claimed for these interrogatories, the ruling of the court was entirely correct, for the reason that there is nothing in the pleadings anywhere which would serve as a basis for that line of inquiry. No fraud is alleged. Such allegation was necessary to admit proof of the fact. *Turner, Fraser & Co. v. Killian*, 12 Neb., 580.

It is insisted that there was no evidence introduced to show what part of the quarter section of the land described in the petition the corn was grown upon, and that as the deeds introduced in evidence by defendant in error only showed her to be the owner of one eighty of the land, there was, therefore, no evidence to show that the corn was grown upon her land. By an examination of the testimony, we find that defendant in error was interrogated directly upon this point, and testified that the corn was growing upon her land. The deeds and contracts introduced in evidence show a clear chain of title from the United States to defendant in error. They also show that her husband never was, at any time, the owner of the land. The record shows a patent from the United States to the Burlington & Missouri River Railroad Company in Nebraska; a deed from the Burlington & Missouri River Railroad Company in Nebraska to the Chicago, Burlington & Quincy Railroad Company, of all their lands granted to said road by the United States, in Nebraska or elsewhere. Also a deed from the Chicago, Burlington & Quincy Railroad Company to Jane Ross.

In the brief of plaintiff in error, it is said that Robert Ross had resided in York county, and lived on the land on which the corn was raised, and made improvements there-

on, and no doubt had a contract from the railroad company for the land, and assigned it over to Jane Ross, and she obtained a deed therefor and gave a contract for it to Alexander Ross, son of Robert Ross, who in turn sold or pretended to sell it to defendant in error. That all these. transactions clearly show that the land pretended to be owned by Robert Ross' wife, was held by her for the purpose of preventing the creditors of said Ross from securing their debts, and therefore the question of the ownership of the property, should have been submitted to the jury. It was the duty of the court to try the case upon its merits, as presented by the pleadings. No question of fraud was raised, simply that of ownership, and there was nothing, either in the pleadings or evidence, which would justify the court in submitting the question of fraud to the jury; and there is nothing in the evidence which even tended to prove that any person, other than defendant in error, was the owner of the corn. There was no question of fact, then, to be submitted to the jury.

It is shown by the testimony that defendant in error purchased the corn, through an agent, at the time of the sale by plaintiff in error, paying $60 therefor. It is conceded by plaintiff in error that she had the right to do this, and that it was not necessary that she should stand by and see the property sold to a third party, at a sacrifice, before bringing the action. But it is contended that no action can be maintained by her—she being the purchaser —as there is no proof that a demand was made by her on plaintiff in error for the property prior to the sale, or at least before the suit. Upon examination of the bill of exceptions we find that such demand was actually made, as is testified to by the deputy sheriff, who made the sale. The question of the right of defendant in error to prosecute this action, on the ground of a failure to make a demand for the property, does not, therefore, arise. We are

satisfied that no substantial error occurred upon the trial, and that no verdict could have been returned in favor of plaintiff in error, and therefore that the instructions of the court to the jury, to return a verdict for the amount actually paid for the corn by defendant in error, with interest thereon at seven per cent, was correct.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.