FRANK LEWIS V. W. W. MILLS ET AL.

FILED APRIL 9, 1896. No. 6413.

1. Res Judicata: EXECUTION: WRONGFUL LEVY: JUDGMENT AGAINST OFFICER: ACTION ON BOND: DAMAGES. Where an officer holding an execution issued on a judgment against A, by virtue of such execution seizes the property of B, and the latter recovers a judgment against such officer for the value of the property seized, then, in a suit by B against such officer and the sureties on his official bond to recover the amount of the judgment, such judgment is conclusive evidence against the officer and his sureties as to B's ownership of the property at the time it was seized by the officer, the amount of the damages and costs sustained by B by reason thereof, in the absence of a showing that the court had no jurisdiction to pronounce the judgment or that it was procured by fraud or collusion. *Thomas v. Markman*, 43 Neb., 823, followed.

Lewis v. Mills.

2. **Sheriffs and Constables**: ACTION ON BOND: PLEADING. And in the suit against the officer and his sureties it is immaterial that the officer was not designated as such in the pleadings or judgment of the suit brought against him by the owner of the property.

3. ——: ——: ——: EVIDENCE. And the pleadings and judgment in the action brought by the owner against the officer are competent and relevant evidence in the suit against the officer and his sureties, although such pleadings and judgment show that the owner's suit against the officer was prosecuted and judgment rendered jointly against him and another.

ERROR from the district court of Madison county. Tried below before ALLEN, J.

*Wigton & Whitham*, for plaintiff in error.

References: *City of Lowell v. Parker*, 10 Met. [Mass.], 309; *Turner v. Killian*, 12 Neb., 580; *Lammon v. Feusier*, 111 U. S., 17; *Thomas v. Markman*, 43 Neb., 823; *People v. Mersereau*, 42 N. W. Rep. [Mich.], 153; *Dennie v. Smith*, 129 Mass., 143; *Tracy v. Goodwin*, 5 Allen [Mass.], 409.

*Robinson & Reed*, contra.

References: *Kane v. Union P. R. Co.*, 5 Neb., 107; *Fox v. Abbott*, 12 Neb., 330; *Lucas v. The Governor*, 6 Ala., 828; *Governor v. Shelby*, 2 Blackf. [Ind.], 28; *White v. State*, 1 Blackf. [Ind.], 558; *Pico v. Webster*, 14 Cal., 202; *Carmichael v. The Governor*, 3 How. [Miss.], 236; *Bitting v. Moore*, 53 Ia., 593.

RAGAN, C.

The facts in this case are as follows: A judgment was recovered before a justice of the peace in Madison county against one Van Buren Lewis. Execution was issued on the judgment and deliv-

ered to one W. W. Mills, a constable of said county. Mills thereupon levied the execution upon certain personal property in the possession of one Frank Lewis, who held the possession of said property and claimed a lien upon it by virtue of a chattel mortgage executed to him by Van Buren Lewis. Mills sold the property to satisfy the execution. Frank Lewis subsequently brought an action in replevin in the district court of Madison county for this property against the constable and a man named Sesler, and in this action Mills was not named or sued as constable. The action proceeded as one for damages, and Lewis recovered a judgment against the constable and Sesler for the value of the property. Execution was issued on this judgment and returned wholly unsatisfied, and thereupon Frank Lewis brought this suit in the district court of Madison county against Mills, the constable, and the sureties on his official bond to recover the amount of the judgment and costs which he, Frank Lewis, had recovered against Mills and Sesler. Only the sureties of the constable filed answers to the action. Their answers in effect admitted that Mills was a duly appointed or elected constable; that he as principal and they as sureties duly executed said bond; that the property which he seized and sold under execution against Van Buren Lewis was the identical property for which Lewis subsequently recovered a judgment against the constable and Sesler. The sureties further pleaded as a defense to the action that the judgment of Lewis against Mills and Sesler was procured by fraud and collusion between Frank Lewis and the constable; that the property seized and sold by the constable was in fact and in truth the property of Van

Buren Lewis and known by Mills and Frank Lewis to be his property; that the mortgage held on such property by Frank Lewis was made by Van Buren Lewis to hinder, delay and defraud his creditors, to the knowledge of Frank Lewis and the constable, and that by conspiracy and collusion between Frank Lewis and Sesler and Mills the latter two neglected and refused to defend the action of replevin brought by Frank Lewis. When the case at bar came on for trial to a jury, Lewis, to maintain the issues on his part, offered in evidence the record of the judgment which he had obtained in the district court against Mills and Sesler. To the introduction in evidence of this record the sureties on the bond objected, the objection was sustained, and the offered evidence excluded. Lewis failing to produce any further evidence, the court directed a verdict for the constable and his sureties, on which a judgment dismissing Lewis' action was rendered, and he prosecutes to this court a petition in error.

The evidence offered was admissible and the court erred in excluding it. The judgment of Frank Lewis against Mills and Sesler was conclusive evidence against the constable and his sureties as to Frank Lewis' ownership of the property at the time it was seized by Mills, the amount of the damages and costs sustained by Frank Lewis by reason thereof, in the absence of a showing that the court which rendered that judgment had no jurisdiction to pronounce it, or that it was procured by fraud or collusion. (*Turner v. Killian,* 12 Neb., 580; *Pasewalk v. Bollman,* 29 Neb., 519; *Thomas v. Markman,* 43 Neb., 823.)

The fact that Mills was not designated or described as constable in the pleadings in the action

62

brought against him and Sesler by Frank Lewis was wholly immaterial. (*Dennie v. Smith*, 129 Mass., 143.)

The fact that Lewis' judgment in the replevin action was rendered against both the constable and Sesler did not affect the validity of the judgment as evidence against Mills and the sureties on his bond. The judgment rendered against Mills and Sesler was offered in evidence to show that Mills had wrongfully taken and converted the goods of Frank Lewis. The fact, if it was a fact, that Sesler assisted Mills in the wrongful conversion of these goods did not lessen the responsibility of Mills nor his sureties. (*City of Lowell v. Parker*, 51 Mass., 309.) The judgment of the district court is reversed.

REVERSED AND REMANDED.