[Civil No. 599.   Filed April 16, 1898.]

[53 Pac. 7.]

## WILLIAM T. GRAY et al., Defendants and Appellants, v. DANIEL NOONAN, Plaintiff and Appellee.

1. OFFICE AND OFFICERS—SHERIFF—OFFICIAL BOND—SURETIES—LIABILITY OF FOR TRESPASS IN LEVY OF ATTACHMENT ON GOODS OF THIRD PERSON.—The taking by a sheriff upon a writ of attachment against one person of the goods of another is a breach of the condition of a sheriff's bond, for which his sureties are liable.

2. SAME—SAME—SAME—PLEADING—CAUSES OF ACTION—VIOLATION OF DUTY—BREACH OF BOND—SEPARATE CAUSES.—In an action against the sureties upon a sheriff's bond for violation of his official duty the cause of action is the breach of the bond, and not primarily the violation of duty.

3. SAME—SAME—SAME—SAME—SAME—AGAINST SHERIFF FOR TRESPASS —AGAINST SURETIES FOR BREACH OF BOND—CUMULATIVE REMEDIES.—The right of action against a sheriff for trespass and the right of action against the sureties upon his official bond for breach of his official duty in committing such trespass are cumulative remedies merely, and are not alternative remedies requiring an election; and a judgment against the sheriff individually for such trespass does not extinguish the obligation of the sureties.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

Street & Frazier, and Williams, Cox & Wilson, for Appellants.

By the allegations of appellants' second defense, set forth in the answer, appellee had in another suit elected to sue said appellant individually in tort, and said appellant had been sued by appellee in tort, as an individual only, for conversion

and for an individual trespass, and judgment had already been rendered by a court of competent jurisdiction against him, as an individual only, for conversion and for an individual trespass to the same property described in plaintiff's complaint in this action. Election is the right of choice between two or more steps or things by a person not entitled to all. An election is binding upon the person making it.

Appellee having elected to take judgment against appellant Gray individually in that suit, notwithstanding Gray had distinctly alleged that he took the property as sheriff by virtue of process, is now estopped and precluded from relitigating the same question. Wells on Res Adjudicata, 5, 6, 7, 11, 12; Freeman on Judgments, 58, 60, 252, 303; *Gray* v. *Dougherty,* 26 Cal. 272; *Hall* v. *Zeller,* 17 Or. 381, 21 Pac. 192; *Nichols* v. *Dibrell,* 61 Tex. 531; *Baxter* v. *Dean,* 24 Tex. 17, 76 Am. Dec. 89; *Taylor* v. *Harris,* 21 Tex. 439; *Cace* v. *Powell,* 20 Tex. 726; *Webb* v. *Mallard,* 27 Tex. 80; *Chilson* v. *Reeves,* 29 Tex. 275; *Tadlock* v. *Eccles,* 20 Tex. 782, 73 Am. Dec. 213; *Lee* v. *Kingsbury,* 13 Tex. 68, 62 Am. Dec. 546.

Having elected to pursue his several remedy, and having already recovered one judgment against the appellant Gray for the same cause of action, appellee could not in this case be permitted to pursue his joint remedy and make Gray a party to this action, and thereby obtain a judgment against him for the same cause of action and the same amount of money with accumulated interest. *Sessions* v. *Johnson,* 95 U. S. 347.

"Joint wrong-doers may be sued separately, and the plaintiff may prosecute the same until the amount of the damages is ascertained by verdict, but the injured party can have only one satisfaction, the rule being that he may make his election *de melioribus damnis,* which, when made, is conclusive in all subsequent proceedings." *Haydon's Case,* 11 Co. 50; *White* v. *Philbrick,* 5 Greenl. 147, 17 Am. Dec. 214; *Knickerbocker* v. *Colver,* 8 Cow. 111; *O'Shea* v. *Kirker,* 4 Bosw. 120.

Hancock & Perley, for Appellee.

"The judgment is no satisfaction; it is but the evidence of the satisfaction which the law says ought to be made." *Carmack* v. *Commonwealth,* 5 Binn. 184.

"The only other question is whether the recovery of a judg-

ment by Konran against Wilson, for the conversion of the rifle, which judgment is unsatisfied, is a bar to this action. And we are perfectly clear that it is not. In *Carmack* v. *Commonwealth,* above cited, this precise point was adjudged. But we need no precedent. Officers are by the common law answerable for legal injuries done by their official acts under color of office. But they may not have pecuniary ability to pay the damages that may be recovered against them; or they may dishonestly avoid payment. Hence the statutory requirement that they shall give bonds, with sureties, for the faithful performance of their official duties; thus giving to a party injured by the officer's acts a cumulative remedy—that is, a remedy in addition to an action against the officer founded directly on his misdoings. Undoubtedly such party can have only one satisfaction; but a judgment in an action brought against the officer for his misdoings, is not *per se* satisfaction for the party's injury. It may be wholly worthless; and while it is unsatisfied, it can be no bar to an action on the officer's official bond.'' *Inhabitants of Greenfield* v. *Wilson,* 13 Gray, 384.

''The bond is a different cause of action from that on which the judgment was recovered. The bond is alleged as a joint bond, and the sheriff, as one of the joint obligors, was a proper party.'' *State* v. *Cason,* 11 S. C. 392.

''The election of plaintiff to proceed against the sheriff did not operate as a bar to further proceedings on his bond.'' *Charles* v. *Haskins,* 11 Iowa, 329, 77 Am. Dec. 148.

See, also, *Dennis* v. *Smith,* 129 Mass. 143; *Lewis* v. *Mills,* 47 Neb. 910, 66 N. W. 817; *Day* v. *Gallup,* 2 Wall. 97; *Buck* v. *Colbath,* 3 Wall. 334; *Lammon* v. *Feusier,* 111 U. S. 17, 4 Sup. Ct. 286; *Pico* v. *Webster,* 14 Cal. 202, 73 Am. Dec. 647; *People* v. *Schuyler,* 4 N. Y. 173.

SLOAN, J.—The main question presented by the record in this case is, Does an unsatisfied judgment rendered against a sheriff individually for the conversion of personal property seized by him under a writ of attachment, and which is the property of a stranger to the writ, constitute a bar to a subsequent suit upon the same cause of action, brought against the sheriff and his sureties upon his official bond? This question arises under the following facts: On the 11th of Febru-

ary, 1891, appellee, Daniel Noonan, obtained judgment in the court below against appellant William T. Gray in the sum of $1,217.77, upon a complaint which charged that Gray had wrongfully taken personal property belonging to Noonan and had converted the same to his own use. In his answer in this suit Gray sought to justify the taking of the property by him as sheriff under and by virtue of a writ of execution against the property of J. A. Noonan, the wife of appellee. A writ of execution was issued upon this judgment against the property of Gray, which was returned *nulla bona*. Thereupon Noonan brought this suit against Gray and the other appellants, sureties upon his official bond given by him as sheriff, to recover damages for the taking and conversion of the same property described in the complaint in the original suit against Gray. A verdict was had for Noonan, and judgment entered accordingly.

The taking by a sheriff upon a writ of attachment against one person of the goods of another person is now held in the majority of state courts to be a breach of the condition of the sheriff's bond, for which his sureties are liable. This doctrine is approved by the supreme court of the United States in the case of *Lammon* v. *Feusier,* 111 U. S. 17, 4 Sup. Ct. 286, wherein Justice Gray, in the opinion, collates the cases upon this subject, and from the weight of authority, as well as upon principle, finds this rule of law fully sustained. The cause of action in such a suit is the breach of the bond, and not primarily the trespass committed by the sheriff. The written obligation to be answerable for any violation of the official duty of the sheriff alone constitutes the liability of the sureties. On the other hand, the primary liability of the sheriff is not dependent upon his official bond, but rests upon his common-law liability for the trespass. Although the same acts constituting the trespass on the part of the sheriff make the breach of obligation expressed in the bond, they give rise to several and distinct rights of action. The right of action against the sheriff for trespass and the right of action against the sureties upon his official bond for breach of his official duty are cumulative remedies merely, and are not alternative remedies requiring an election. The judgment against the sheriff individually does not extinguish the obligation of the sureties. There is no merger of the latter in

the judgment. The case is analogous to that where one holds cumulative securities. The holder of such is entitled to so many judgments as he has distinct securities, although he may not claim more than one satisfaction. Thus it has been held that in the case of a note secured by mortgage upon real estate a judgment upon the note did not extinguish the mortgage, and until the debt was satisfied the remedy of foreclosure of the mortgage still remained. *Butler* v. *Miller,* 1 Denio, 407. Accordingly, the supreme court of South Carolina, in the case of *Carmack* v. *Commonwealth,* 5 Binn. 184, held that "a judgment in trover against the sheriff is neither an extinguishment of his official security nor a bar to a suit against his sureties. It is but one of several remedies which the injured party may use successively until he obtains satisfaction." In the case of *Inhabitants of Greenfield* v. *Wilson,* 13 Gray, 384, *Carmack* v. *Commonwealth, supra,* is cited with approval, and the reason of the law is further extended in the following language: "Officers are by the common law answerable for legal injuries done by their official acts or acts under color of office. But they may not have pecuniary ability to pay the damages that may be recovered against them, or they may dishonestly avoid payment. Hence the statute requisition that they shall give bonds with sureties for the faithful performance of their official duties; thus giving to a party injured by the officer's acts a cumulative remedy,—that is, a remedy in addition to an action against the officer founded directly on his misdoings. Undoubtedly, such party can have only one satisfaction; but a judgment in an action brought against the officer for his misdoings is not *per se* a satisfaction for the party's injury. It may be wholly worthless, and while it is unsatisfied it can be no bar to an action on the officer's official bond." To the same effect are *People* v. *Schuyler,* 4 N. Y. 173; *Charles* v. *Haskins,* 11 Iowa, 329, 77 Am. Dec. 148; *Lewis* v. *Mills,* 47 Neb. 910, 66 N. W. 817; *Pico* v. *Webster,* 14 Cal. 203, 73 Am. Dec. 647. We find no error in the record, and the judgment is therefore affirmed.

Doan, J., and Davis, J., concur.

Street, C. J., having been of counsel in the district court, took no part in the consideration of the case in the supreme court.