## CHARLES LEPIN v. GEORGE E. COON, SHERIFF.

FILED APRIL 21, 1898.   No. 7925.

1. **Chattel Mortgages: SALES BY MORTGAGOR: FRAUD.** Where the mortgagor of a stock of merchandise remains in possession thereof and continues to sell the same in the usual course of business pursuant to agreement with the mortgagee that he will apply the proceeds of all sales upon the debt secured by the mortgage, the court cannot pronounce the transaction fraudulent as a matter of law.

2. ———: ———: ———: **QUESTION FOR JURY: INSTRUCTIONS.** And an instruction, in such case, which withdraws from the consideration of the jury the question of whether the transaction was an honest or fraudulent one is prejudicially erroneous.

3. ———: ———: ———: ———. The vital question in such case is the intent with which the sale of the stock was authorized or permitted, and when that does not appear on the face of the mortgage, it is always a question of fact to be determined by the jury from a consideration of the entire evidence.

ERROR from the district court of Webster county. Tried below before BEALL, J.   *Reversed.*

*A. M. Walters*, for plaintiff in error.

*A. H. Bowen*, contra.

SULLIVAN, J.

On August 21, 1893, Schumann, being engaged in the retail liquor business at Blue Hill, in this state, executed to Charles Lepin a chattel mortgage covering his saloon fixtures and his stock of whiskies, wines, and cigars. The mortgage was filed in the office of the county clerk and the mortgagor thereafter remained in possession of the saloon and continued to sell the mortgaged property in the usual course of the retail trade.   While so engaged, Coon, as sheriff of Webster county, and acting under orders of attachment issued in actions commenced by other creditors of Schumann, seized the property and took it into his possession.   Thereupon, Lepin, by an ac-

tion of replevin, asserted his rights under the chattel mortgage. A trial in the district court resulted in a verdict and judgment for the sheriff.

The petition in error filed by the plaintiff presents to this court for determination the correctness of two instructions given by the trial court at defendant's request. These instructions are as follows:

"1. If you find from the evidence that the plaintiff knowingly permitted the mortgagor to use the property covered by the mortgage to the plaintiff as his own, selling the same in the usual course of trade, as his own, after said mortgage was given, then and in that case said mortgage was void as against the creditors of said mortgagor, Schumann, and you will find for the defendant."

"3. The jury are instructed that a mortgage upon a stock of goods, where the mortgagor continues in possession and disposes of the same in the usual and ordinary course of trade, is void as against the creditors of said mortgagor. Hence, if you find from the evidence that after Schumann executed the mortgage upon his saloon fixtures and stock, the plaintiff permitted him to continue the business of retail dealer in intoxicating liquors in the same place, with the same goods, and with and under the same license, you will find for the defendant, providing you first find that E. F. Hartwig, in whose behalf the defendant held said goods by attachment, was a creditor of said Schumann, mortgagor."

The mortgage itself conferred no authority on the mortgagee to sell the stock or any part of it in the usual course of business, but there was an agreement outside of the mortgage providing that it might be done. There is evidence in the record tending to show that the arrangement between the parties was that Schumann should continue to conduct his business in the usual way; that he should dispose of the mortgaged stock at retail and apply the proceeds, as it should be received, to the payment of defendant's claim against him. There is also evidence tending to prove that this arrangement

had been carried out in good faith. By the instructions in question the jury were told that if Schumann used and sold the stock as his own, and did so with defendant's permission, the mortgage was void as against Schumann's creditors. The facts to which the court thus directed the attention of the jury were evidence of fraud, but they were not conclusive. It was the function of the jury to determine whether the mortgage was a fraudulent or an honest one, and in reaching a conclusion upon that question it was their duty to take into account every fact disclosed by the evidence bearing upon the intent and motives of the parties. The intent with which the sale of the stock was authorized or permitted was the vital question to be decided. It was a question of fact and not of law. It was to be ascertained from a consideration of the whole evidence and not from a part of it merely. The court should have told the jury that plaintiff's consent to the sale of the stock would not vitiate the mortgage if his purpose was thereby to secure payment of his own claim and not to hinder, delay, or defraud other creditors in the collection of their demands. Permission to sell did not *per se* render the mortgage fraudulent and void. (*Turner v. Killian,* 12 Neb. 580; *Robinson v. Elliott,* 22 Wall. [U. S.] 513; *Klein v. Katzenberger,* 20 O. St. 110; *Brackett v. Harvey,* 91 N. Y. 214.) The instructions complained of were, therefore, erroneous and plainly prejudicial to the rights of the plaintiff. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.