FREDERICK U. TRACY *vs.* WADE H. GOODWIN & others.

A constable's bond in the city of Boston is properly made to the treasurer of the city, under the present statutes.

A constable's bond which provides, amongst other things, that he shall with "faithfulness, speed and diligence serve all writs, executions and distresses in private causes between party and party," &c., is broken by an attachment on a writ of the goods of another person than the defendant therein.

A judgment recovered without fraud or collusion against a constable for a wrongful attachment of the goods of a third person on a writ, is conclusive evidence, both as to damages and costs, in an action against him and his sureties upon his bond, executed by them jointly and not severally.

CONTRACT against a constable and his sureties upon his bond given to the plaintiff, as treasurer of the city of Boston, and executed by the defendants jointly and not severally. One clause of the condition of the bond provided that the defendant Goodwin, the constable, should with "faithfulness, speed and diligence serve all writs, executions and distresses in private causes, between party and party, and make return thereof duly," &c.

A trial by jury was waived in the superior court, and the case was heard before *Morton*, J., who found that, on a writ against one Streeter, Goodwin attached property of George H. Marden, in pursuance of directions from the plaintiff therein, and acting under an honest belief that the same belonged to Streeter, and that Marden afterwards recovered judgment against Goodwin therefor on a trial, and an execution issued for the damages and costs, which is still unsatisfied. The judge ruled that the bond was valid, that the defendants were liable thereon upon the facts proved, and that in the absence of fraud or collusion the judgment against the constable was conclusive evidence as to the damages and costs, and he rendered judgment accordingly. The defendants alleged exceptions.

*A. A. Ranney*, for the defendants.

*F. W. Hurd*, for the plaintiff.

CHAPMAN, J. The defendants contend that this action cannot be maintained, because the bond ought to have been to the city of Boston, in conformity with *St.* 1851, *c.* 94, § 2; whereas the

bond on which the action is brought is made to the treasurer of the city.

By the special act of 1802, *c.* 7, § 1, constables of Boston were required to give bond to the treasurer in order to be qualified to serve civil process. The *St.* of 1860, *c.* 147, must be regarded as a legislative recognition of that provision as remaining in force. It provides for its extension to the service of process in replevin, returnable to the police court in Boston; and prohibits constables of Boston from serving any civil process till they shall have given such bond to the treasurer; so that, as the law now stands, the bond must be to the treasurer; and the legislature regard it as having been so since 1802. The acts of 1845, *c.* 70, and 1851, *c.* 94, are general. The first provides that the selectmen of any town may require constables to give bond to the inhabitants of the town. The second extends to cities as well as towns, and requires constables to give bond to the inhabitants, to qualify them to serve civil process. Neither of these acts expressly repeals the special act of 1802 relating to the city of Boston; and if either of them is construed as extending to that city, it would seem to require a constable of Boston to give two bonds: one to the treasurer and the other to the inhabitants. It cannot be supposed that this was intended; and it is no strained construction to say that the city of Boston, having a special act applying to this very case, is excepted out of the operation of the general statute. We thus adopt the legislative construction. The proper rule of construction in such cases is stated by Chief Justice Shaw, in *Brown* v. *Lowell,* 8 Met. 174, 175: " It may happen that special acts of legislation may be made in regard to a place, growing out of its peculiar wants, condition and circumstances; as formerly various acts were passed in relation to the town of Boston. Afterwards a general act may be passed, having some of the same purposes in view, extending them generally to all the towns of the Commonwealth, with provisions adapted to the condition of all towns. It would be a question depending upon a careful comparison of the two acts, and the objects intended to be accomplished, whether the general act must be deemed an

implied repeal of the special prior act. In general, we should think it would require pretty strong terms in the general act, showing that it was intended to supersede the special acts, in order to hold it to be such a repeal." The court are of opinion that the bond in this case was properly made to the treasurer.

That the act complained of in this case was a breach of the bond, is settled by the case of *Greenfield* v. *Wilson*, 13 Gray, 384.

The question whether the judgment obtained by Marden against the defendant Goodwin is conclusive evidence against the sureties of Goodwin is not without difficulty. That it is not to be regarded as *res inter alios*, and therefore incompetent, is settled in *Lowell* v. *Parker*, 10 Met. 309. Such a judgment was there held to be *prima facie* evidence against sureties, but the court did not find it necessary to decide whether it was in any respect conclusive. It is there remarked that the judgment does not purport to decide whether the officer took the goods by color of his office. On that question it is not even *prima facie* evidence. It merely proves that he took the goods wrongfully, and the amount of the damage. As to him it is conclusive on these two points. But as to his sureties, different courts have entertained different views of its effect. In *Lucas* v. *The Governor*, 6 Alab. 826, it is held to be incompetent evidence as to sureties. In *State* v. *Woodside*, 7 Ired. L. 296, it is held to be *prima facie* evidence, but not conclusive. In *Masser* v. *Strickland*, 17 S. & R. 354, it is held to be conclusive, not only as to the misconduct or neglect of the constable, but also as to the amount of the damages sustained by the plaintiff. Gibson, C. J. dissented in an able and learned opinion; but the decision was afterwards affirmed in *Evans* v. *The Commonwealth*, 8 Watts, 398. *Foxcroft* v. *Nevens*, 4 Greenl. 72, was an action against a collector of taxes and his sureties. The principal being defaulted, it was held that his default should not be regarded as an admission of record affecting the sureties. The point there decided is analogous to the point before us, but not precisely the same. *Hayes* v. *Seaver*, 7 Greenl. 237, was an action on an administrator's bond. It was not denied that a judgment

which the plaintiff had recovered against the principal was evi-
dence in the case, but the sureties were permitted to show
that it was collusive. But sureties would be permitted to prove
that it was collusive, and thus avoid it entirely, even if it would
otherwise have been held conclusive. In *Heard* v. *Lodge*, 20
Pick. 53, a judgment against an administrator was held to be
conclusive upon the sureties; but this decision was founded
upon the peculiar character of the bond, which made the sure-
ties liable for the payment of such debts as should be ascertained
by judgment of court. It has no application, therefore, to a case
like the one before us. Judicial reasonings and decisions having
thus far left the question involved in much doubt, we have to
decide it by a reference to the general principles which appear
to be applicable to it. We must regard it as settled in this case
that the judgment is competent evidence against the sureties ;
and it appears that the bond in suit is joint and not several. As
to the constable, who is one of the defendants, the judgment
proves conclusively the wrongful taking of the plaintiff's prop-
erty, and the amount of damage sustained by him. The execu-
tion of the bond and the taking of the property by color of his
office being proved by other evidence, it follows that this joint
bond was given for the purpose, among others, of securing the
plaintiff against this tortious act of the officer. If no part of
the judgment has been paid, the amount of it is the amount
due from him on the bond. And the sureties have so made
their bond that a joint judgment must be rendered in this suit
against all the defendants. If they were permitted to open the
matter, and show that the plaintiff ought not to have recovered
his judgment, in whole or in part, their defence must enure to
the benefit of the principal as well as to theirs. We think it
more in conformity with the true intent and spirit of their obli-
gation to hold that it is a guaranty to the plaintiff for such
amount as he has legally established to be due to himself from
the constable ; and that, in the absence of fraud or collusion,
the judgment against him settles conclusively against his sure-
ties, as well as himself, not only the right of the plaintiff to re-
cover against him, but the amount of the damages. If the bond

ha'd been several as well as joint, there would have been less embarrassment in treating the evidence as *prima facie*, and permitting the sureties to offer rebutting evidence. We do not understand the presiding judge to have decided that the judgment was conclusive beyond these points.

As to the constable's having done the acts by color of his office, or as to his having paid any portion of the judgment, nothing is settled by it as to them, and apparently nothing as to him. But no question is raised touching either of these matters

*Exceptions overruled.*