Thomas v. Markmann.

---

JOHN THOMAS v. ANNA MARKMANN.

FILED FEBRUARY 6, 1895.     No. 5342.

| 43 | 823 |
| 47 | 913 |
| 43 | 823 |
| 50 | 200 |
| 43 | 823 |
| 60 | 473 |
| 60 | 474 |

1. **Sheriffs and Constables:** EXECUTIONS: UNLAWFUL SEIZURE OF PROPERTY: ACTION ON BOND. Where a constable with a process against the property of one person seizes by virtue thereof the property of another, he is guilty of official misconduct, for which he and his sureties are liable in an action on his official bond. *Turner v. Killian,* 12 Neb., 580, followed and reaffirmed.

2. **Res Adjudicata:** WRONGFUL LEVY UNDER EXECUTION: JUDGMENT AGAINST OFFICER: ACTION ON BOND. Where an officer, holding an execution issued on a judgment against A, by virtue of such execution seizes the property of B, and the latter recovers a judgment against such officer for the value of the property seized, then, in a suit by B against such officer and the sureties on his official bond to recover the amount of the judgment, such judgment is conclusive evidence against the officer and his sureties as to B's ownership of the property at the time it was seized by the officer, the amount of the damages and costs sustained by B by reason thereof in the absence of a showing that the court, had no jurisdiction to pronounce the judgment, or that it was procured by fraud or collusion. *Pasewalk v. Bollman,* 29 Neb., 519, reaffirmed.

3. **Action on Sheriff's Bond:** PLEADING. In such a suit

against an officer and the sureties on his bond the answer of the sureties alleged "that said judgment was procured by fraud, misrepresentation, and contrary to law." *Held,* A mere conclusion.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*J. L. Kaley,* for plaintiff in error.

*A. C. Read* and *H. C. Hitt, contra.*

RAGAN, C.

On the 7th day of January, 1890, before a justice of the peace of Douglas county, one Tincert recovered a judgment against one William Markmann for $13.57. January 27 an execution was issued on this judgment and delivered to a constable named Farquhar, who seized a gray mare and some harness in the possession of said Markmann, and as his property, for the satisfaction of such execution. On the 4th of February, 1890, Markmann replevied from the constable the mare and harness, and on the 7th of February the replevin suit was tried to a justice of the peace, who found the issues in favor of Markmann and rendered a judgment in his favor. No appeal or proceeding in error was prosecuted from this judgment. On the 26th of February the constable, Farquhar, made return of the execution in his hands to the justice who issued it, stating in the return that he had seized the mare and harness before mentioned to satisfy the execution, but that such property had been taken from his possession by writ of replevin and that he therefore returned the writ of execution unsatisfied. March 5, 1890, the justice before whom the judgment in favor of Tincert was rendered issued another execution on such judgment and delivered it to said constable Farquhar for service, and he again seized the mare and harness to satisfy such execution. On the 6th of March Mrs. Anna

Markmann brought a suit in replevin for the mare and harness taken by the constable, and on March 8 the summons in the replevin suit was returned as having been duly served on the constable, but that the officer serving it was unable to get possession of the property called for in the replevin summons because Farquhar had sent the property into the state of Iowa.   March 10 the replevin action proceeded as one for damages against the constable Farquhar, and the justice found that Anna Markmann, at the commencement of the replevin suit, was the owner and entitled to the immediate possession of the mare and harness levied upon by Farquhar, found the value of the mare and harness to be $175, that Mrs. Markmann had sustained damages in the sum of $25, and thereupon rendered judgment against the constable, Farquhar, for $200 and costs.   No appeal or proceeding in error was taken from this judgment.   On the 20th of March the constable Farquhar returned his execution to the justice who issued it, stating in his return that he had seized the gray mare and harness already mentioned, had sold it at public auction, and had satisfied the execution.   March 11, 1890, Mrs. Markmann brought another replevin suit before another justice against Farquhar to obtain possession of the mare and harness, but this suit was dismissed on the same day it was brought. The present action was brought by Mrs. Markmann against David P. Farquhar the above mentioned constable, and John Thomas and Edward Brennan, the sureties on his official bond as such constable.

The petition set out at length the election of Farquhar as constable; that he accepted the office and qualified for it by giving a bond, and that the defendants Thomas and Brennan were his sureties.   The petition then recited the recovery of the judgment for $13.57 by Tincert against William Markmann; the issuing of an execution on said judgment, and the taking of the gray mare and harness by the constable for the payment of said judgment; that Mrs.

Markmann, at the time of the seizing of said gray mare and harness, was the owner of it, and so notified the constable; the bringing by her against Farquhar of the replevin action before the justice of the peace; the trial of said action and the judgment pronounced therein; that an execution had been issued on said judgment and returned wholly unsatisfied; that Farquhar was insolvent; and prayed judgment against all the defendants for the amount of the judgment with interest and costs rendered in her favor against the constable before the justice of the peace.

The answer admitted the official position of Farquhar, the giving by him of a bond as constable; that Thomas and Brennan were the sureties on said bond; the recovery of a judgment by Tincert against William Markmann for $13.57; the issuing of an execution on said judgment and its levy by Farquhar on the mare and harness; the bringing by Mrs. Markmann against Farquhar of the replevin action before the justice of the peace; the recovery of the judgment in said replevin action; but alleged the facts to be "that said Anna Markmann did not recover a valid and subsisting judgment, but that said judgment was recovered by fraud, misrepresentation, and contrary to law; that at the time of said [replevin] suit there was no appearance by the defendant Farquhar;" that the sureties were not parties to said replevin suit. The answer then alleged the bringing on February 4, 1890, of the replevin suit of Wm. Markmann against Farquhar for the mare and harness and that the writ of replevin issued in such case was issued contrary to law; and that Wm. Markmann recovered in said replevin suit by proving that he was the owner of the mare and harness. The answer alleges that Markmann was then the owner of the horse and harness, but denied that he was entitled to the possession of it.

The action at bar was tried to a jury and resulted in a verdict and judgment in favor of Mrs. Markmann, and the defendant John Thomas has prosecuted to this court a petition in error.

1. The first assignment of error is that the court erred in admitting in evidence the record showing the proceedings and judgment in the replevin suit of Anna Markmann against the constable Farquhar, had before the justice of the peace on the 10th of March, 1890. The seizure of this property by the constable was an act done by virtue of his office, and if the constable, holding an execution issued on a judgment against William Markmann, seized the property of Anna Markmann and sold it to satisfy such judgment, he was thereby guilty of official misconduct, for which he and the sureties on his official bond became liable. (*Turner v. Killian*, 12 Neb., 580; *People v. Schuyler*, 4 N. Y., 173; *Ohio v. Jennings*, 4 O. St., 418.) The record of the judgment put in evidence, and the admission of which is assigned as error here, showed that this mare and harness were taken in replevin proceedings by Mrs. Markmann against the constable, Farquhar; that at the time of the bringing of the replevin suit she was the owner and entitled to the possession of the property; that Farquhar wrongfully took and detained the property from Mrs. Markmann, to her damage in the sum of $200. There is a conflict in the authorities as to whether a judgment rendered against an officer for wrongfully seizing on execution and selling the property of one person for the debt of another, is conclusive evidence against the sureties of such officer in a suit on the officer's official bond to recover the judgment rendered against the officer for the wrongful conversion of such property. Some authorities hold that such a judgment rendered against the officer is only *prima facie* evidence against his sureties. Such is *Fay v. Edmiston*, 25 Kan., 439. In *Tracy v. Goodwin*, 87 Mass., 409, the rule was stated as follows: "A judgment recovered, without fraud or collusion, against a constable for a wrongful attachment of the goods of a third person on a writ is conclusive evidence, both as to damages and costs, in an action against him and his sureties upon his bond," and in *Dennie*

*v. Smith*, 129 Mass., 143, it was held that a judgment against a constable for the wrongful conversion of property was conclusive upon him and the sureties on his official bond in an action on such bond. We approve of the doctrine of the Massachusetts cases, and accordingly hold that where an officer, holding an execution issued on a judgment against A, by virtue of such execution seizes the property of B, and B recovers a judgment against such officer for the value of property seized, that then, in a suit by B against such officer and the sureties on his official bond to recover the amount of the judgment, such judgment is conclusive evidence against the officer and his sureties as to B's ownership of the property at the time it was seized by the officer, and the amount of the damages and costs sustained by B by reason thereof, in the absence of a showing that the court had no jurisdiction to pronounce such judgment, or that it was procured by fraud or collusion. (*Pasewalk v. Bollman*, 29 Neb., 519.)

2. There are other assignments of error which relate to instructions given and refused by the trial court, but what has already been said renders a special consideration of these assignments unnecessary. The district court instructed the jury upon the theory that the judgment in the replevin suit between Mrs. Markmann and the constable rendered by the justice of the peace was only *prima facie* evidence against the sureties on Farquhar's bond, and permitted the jury in the trial of this case to say whether the justice of the peace in the replevin suit reached the correct conclusion as to the value of the replevied property. Of course, this instruction was erroneous, but it was not prejudicial to the plaintiff in error.

3. It is also assigned as error that the verdict is not supported by sufficient evidence. We think it is. The plaintiff in error made some effort to show that the judgment in the replevin suit, made the basis of this action, was procured by fraud or collusion; and the court permitted the

jury, under proper instructions, to pass upon that question. The plaintiff in error has no just grounds of complaint as to the finding of the jury upon this issue. The answer which assailed the judgment did so in this language : "That said judgment was procured by fraud, misrepresentation, and contrary to law." This was a mere conclusion. The answer contained no averments of fact under which evidence was admissible to show that the judgment had been fraudulently procured. It is also suggested, as a part of the argument, that the verdict is not sustained by the evidence; that in the trial of this case there was no evidence introduced to show that Mrs. Markmann owned the mare and harness. The answer of the plaintiff in error admitted that Farquhar seized on execution and sold the property which was made the basis of the replevin suit of Mrs. Markmann against the constable, the judgment in which latter suit is made the basis of this action, and that judgment was conclusive evidence in this case against the defendants thereto that Mrs. Markmann was the owner of the mare and harness at the time it was seized by Farquhar, and conclusive evidence of the value of the mare and harness and the damages sustained by Mrs. Markmann by reason of its seizure by the constable. With the replevin suit brought by William Markmann against the constable for this property we have nothing to do. If that judgment was wrong, the constable should have appealed from it or prosecuted a proceeding in error to reverse it. With the replevin suit instituted by Mrs. Markmann against Farquhar on the 11th of March, 1890, and dismissed on the same day, we have nothing to do. It may be true, that notwithstanding Mrs. Markmann had recovered a judgment against Farquhar for the value of her mare and harness that she was desirous of procuring the possession of the property itself. Much of the argument of counsel for the plaintiff in error is devoted to showing that the judgment in replevin made the basis of this action was wrong. We

may concede that it was wrong, all wrong; but this action is not a retrial of that one, nor an action to review that judgment. It is as conclusive and binding as any other judgment pronounced by any other court until it is reversed or set aside by proceedings brought for that purpose. The judgment of the district court is

AFFIRMED.