FIRE ASSOCIATION OF PHILADELPHIA V. JAMES A. RUBY
ET AL.

FILED NOVEMBER 5, 1896.   No. 6636.

1. **Judicial Sales:** PAYMENT OF PROCEEDS: DUTY OF SHERIFF.  It is the
   duty of an officer selling land under a decree of foreclosure to pay
   the proceeds of the sale, upon confirmation thereof, directly to the
   persons entitled thereto under the decree, unless the court shall
   have ordered the proceeds to be paid into court.

2. ———: LIABILITY OF SHERIFF FOR PROCEEDS.  In an action against
   such officer for failure to pay the proceeds to the party entitled,
   the officer, admitting in his answer the receipt of the money, does
   not discharge himself from liability by showing that he paid it
   over to the clerk.

3. **Res Judicata:** AMERCEMENT: ACTION ON OFFICER'S BOND.  A judg-
   ment of amercement against an officer is, in a subsequent suit upon
   the official bond, conclusive evidence of the facts necessary to sus-
   tain the judgment against the officer, and it is *prima facie* evidence
   against the sureties.

4. **Bill of Exceptions:** AUTHENTICATION: ATTORNEY AND CLIENT.  A
   stipulation is sufficient to authorize the clerk to sign a bill of ex-
   ceptions when, by its terms, it clearly shows that the particular
   bill of exceptions to which the stipulation is attached is agreed
   upon by the parties as a correct bill.

5. **Action on Sheriff's Bond for Proceeds of Sale:** VERDICT FOR DE-
   FENDANTS.  Evidence examined, and *held* not to sustain the verdict.

ERROR from the district court of Phelps county.  Tried
below before BEALL, J.

*G. Norberg* and *Dryden & Main,* for plaintiff in error.

*S. A. Dravo, F. G. Hamer, C. H. Roberts,* and *Stewart &
Munger, contra.*

IRVINE, C.

This was an action by the Fire Association of Philadel-
phia against Ruby, formerly sheriff of Phelps county,
and his sureties upon his official bond.  It was founded
upon the alleged failure of Ruby as sheriff to pay over to

the plaintiff the proceeds of a sale of real estate under a decree of foreclosure in favor of the plaintiff. There was a verdict and judgment for the defendants, which the plaintiff seeks to review by these proceedings.

Owing to imperfect exceptions and assignments of error, we cannot consider the questions presented as to the instructions given by the court to the jury. We shall confine ourselves to the consideration of a single assignment, to-wit, that the verdict was not sustained by the evidence.

The petition alleged the official capacity of Ruby and the execution of his official bond. It then alleged that in the performance of his duties as sheriff Ruby sold certain land under an order of sale issued out of the district court of Phelps county in an action wherein the plaintiff foreclosed a mortgage upon said land; that after paying the costs Ruby had remaining from the proceeds of said sale the sum of $743.07; that he had paid to the plaintiff the sum of $308.07, and had neglected and refused to pay to the plaintiff the remaining $435, the whole amount due the plaintiff under the decree being $1,351; that thereafter a motion had been filed for the amercement of the sheriff; that due notice thereof was given and that a judgment of amercement had been entered in the sum of $435. Wherefore plaintiff prayed judgment. The defendants by their answer admitted the official capacity of Ruby and the execution of the bond. They further admitted the sale of the land as alleged and that after paying costs Ruby "had remaining in his hands from the proceeds of said sale the sum of $708.07." As a defense they then pleaded that Ruby paid in to the clerk of the court that sum, and thereby fully discharged his duty, and that thereafter he was induced by Ellsworth, the deputy clerk of the court, to sign a receipt on the docket for said sum, whereby he acknowledged having received said sum back from the deputy clerk; that immediately after signing said receipt Ruby and Ellsworth agreed that the money should not be paid over, and that no money

was in fact paid back by the clerk to Ruby; that said receipt was to be canceled, but Ellsworth failed to do so; that the signing of said receipt was not an official act, but was performed after the sheriff discharged his full duty, and was, therefore, not binding upon the defendants. Secondly, the defendants alleged that the judgment of amercement was made without notice to Ruby and was void; and thirdly, they alleged that the plaintiff, by its counsel, entered into an agreement with Ellsworth whereby it was agreed that Ellsworth had the money in his possession; that plaintiff received from Ellsworth $308.07, and agreed with Ellsworth, in consideration of the payment thereof, to extend the time of payment of the remainder until such time as it was convenient to Ellsworth. The reply denied the averments of the answer.

The evidence seems to show that a conspiracy was entered into between Ellsworth, Ruby, and Dravo, the purchaser of the land at the foreclosure sale, whereby the purchase money was paid in the first instance to the clerk, the sheriff gave his receipt to the clerk therefor on the docket, Ellsworth gave to Ruby his individual receipt in return, and then, according to Ellsworth's testimony, lent the money to Ruby, and all this for the purpose of permitting Dravo to institute an action and garnish the fund. What became of the garnishment proceedings does not appear. What the liability of the sheriff and his bondsman would be under this peculiar state of facts, we need not consider. We must treat the evidence in the light of the issues made by the pleadings. The defendants admitted that Ruby had made the sale, and that he had remaining in his hands $708.07. As a defense they pleaded, first, that he had discharged his liability by paying this money to the clerk; second, that the judgment of amercement was void for want of notice; third, that the plaintiff's attorneys had recognized the money as being in the clerk's hands, and had agreed with him, in consideration of payment of part, to extend the time of paying the re-

mainder. Upon these issues the evidence did not sustain the verdict.

Section 498 of the Code of Civil Procedure provides that upon the return of any writ of execution or order of sale for the satisfaction of which any lands have been sold, the officer making the sale "may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto agreeable to the order of the court." Section 507 provides that "If on any sale made as aforesaid, there shall be in the hands of the sheriff or other officer more money than is sufficient to satisfy the writ or writs of execution, with interest and costs, the sheriff or other officer shall, on demand, pay the balance to the defendant in execution, or his legal representatives." Section 513 provides that if the sheriff "shall refuse or neglect on demand to pay over to the plaintiff, his agent or attorney of record, all moneys by him collected or received for the use of said party," he shall be amerced as provided in the section. There is no room to doubt from these expressions that the statute contemplates that the sheriff or other officer making the sale shall make distribution of the proceeds, paying out the money directly to the persons entitled thereto under the judgment or decree, except where the court has otherwise ordered. (*Luce v. Foster*, 42 Neb., 818.) It is neither pleaded nor proved that in this case the court had directed the proceeds of the sale to be paid into court or to the clerk. The plaintiff's decree being for more than the amount realized on the sale, it was the duty of the sheriff to pay the money to the plaintiff, and he did not discharge his duty by paying it to the clerk. The answer admitting that the money came into his hands, the first portion of the answer, therefore, presented no defense, and the verdict was, so far as that portion of the answer was concerned, contrary to law.

It is contended by the plaintiff that the judgment of amercement was conclusive on all the defendants. We

cannot concur in this view, although we think the second branch of the defense was not good. A judgment of amercement, on due notice, is, when the officer is sued upon his bond, conclusive against the officer, but only *prima facie* evidence against the sureties. (*Graves v. Bulkley*, 25 Kan., 249, where many authorities are cited; *Fay v. Edmiston*, 28 Kan., 105.) The Kansas statutes are in these respects precisely similar to our own. Ruby failed signally to prove that the judgment was rendered against him without notice. The record recites notice and that the order was made by consent. There is affirmative proof that notice was actually served, and Ruby, in answer to a question as to whether notice was served, merely said that he had no recollection of it; that he would not swear it was not served. The judgment was, therefore, conclusive against him, and the plaintiff was entitled in this case to judgment against him at least. As to the sureties, the burden devolved upon them of showing that the judgment was wrong, and while they might make any defense in this action which the sheriff might have made in the original proceedings, they failed, as we have shown, to allege facts in regard to the receipt and payment of the money, which would constitute a defense, and, as will immediately appear, they failed to make out the other defense pleaded. This other defense was a recognition by the plaintiff of Ellsworth as its debtor and an extension of time granted to him. In the first place it is more than doubtful whether attorneys for the plaintiff in a foreclosure suit have any implied authority to release an officer holding money realized for the benefit of the plaintiff, by recognizing a payment made by him to a third person, and accepting that third person as a debtor. But these questions we cannot decide, because the court, on the objection of the plaintiff, excluded all evidence offered to establish this defense. The result of an examination of the whole evidence is that the plaintiff's *prima facie* case was admitted. The first defense was not good in law. The second defense was not proved.

The third defense also was not proved, whether or not it was good in law.

It is contended that the bill of exceptions should not be considered because it was settled by the clerk without sufficient authority. The stipulation whereby it was settled was as follows: "Returned this bill of exceptions this 5th day of August, 1893, without amendments, and it is hereby stipulated by and between the parties hereto that the clerk of the district court shall allow, sign, and certify this bill of exceptions and make the same a part of the record in this case, and be the bill of exceptions." The decisions of this court are that in order to authorize a clerk to settle a bill of exceptions the facts must appear which, under section 311 of the Code of Civil Procedure, confer upon the clerk that authority. One of the cases in which the clerk may settle the bill is "where the parties interested shall agree upon the bill of exceptions and shall have attached a written stipulation to that effect to the bill." We think the language of this stipulation was sufficient to show an agreement upon the bill of exceptions. The stipulation itself shows that it was returned without amendments. It was stipulated that the clerk shall allow "this" bill and make "the same" a part of the record "and be the bill of exceptions." This shows as plainly as language can an agreement upon this particular bill as the bill of exceptions in the case. In *School District v. Cooper*, 44 Neb., 714, cited by the defendants, the stipulation was that the clerk might settle "the within bill of exceptions." It is true this was held insufficient, the court considering the case analogous to *Scott v. Spencer*, 42 Neb., 632. But in that case the stipulation was that "the bill of exceptions may be settled by the clerk," with nothing whatever to show that any particular bill of exceptions had been agreed to, and in the case of *School District v. Cooper, supra,* while the stipulation referred to "the within bill," the argument that the bill was correct could be implied, if at all, only from the use of the word "within." In the case before us the several

expressions in the stipulation taken together plainly show an agreement upon this particular bill as the correct one.

REVERSED AND REMANDED.