GEORGE E. BARKER ET AL. V. BERT GLENDORE WHEELER.

FILED SEPTEMBER 19, 1900. No. 11,288,

1. Res Adjudicata: SUBSEQUENT PROCEEDINGS. The determination of questions presented to this court in reviewing the proceedings of the district court becomes the law of the case, and, ordinarily, will not be re-examined in a subsequent appellate proceeding.

2. Official Bond: JUDGMENT AGAINST OFFICERS: EVIDENCE AGAINST SURETIES. A judgment against an officer is *prima facie* evidence against his sureties when sued upon an official bond, both actions being grounded upon the same alleged delinquency.

3. Conclusive Evidence: AGREEMENT TO ABIDE. Such an adjudication is conclusive evidence of the liability of the sureties only in case they agreed to abide by any judgment that might be rendered against their principal.

4. Cases Overruled. The second point of the syllabus to *Thomas v. Markmann*, 43 Nebr., 823, and the first point of the syllabus to *Lewis v. Mills*, 47, Nebr., 910, are overruled.

5. County Judge: EMBEZZLEMENT: OFFICIAL MISCONDUCT. A county judge who receives money in his official capacity and converts the same to his own use, is guilty of official misconduct.

6. Trover: PLEADING: GENERAL DENIAL: EVIDENCE: PAYMENT: ACCORD AND SATISFACTION. In an action grounded upon an alleged conversion of money, neither payment nor accord and satisfaction can be shown under a general denial.

7. ——: ——: ——: DATE OF CONVERSION. In an action against the sureties on an official bond for money converted by their principal during his official term, where the answer is a general denial, it is error to exclude evidence tending to show the date when the conversion actually occurred.

8. Excessive Judgment. REMITTITUR. Judgment rendered for too large a sum and plaintiff allowed to remit excess.

ERROR to the district court for Douglas county. Tried below before SCOTT, J. *Affirmed upon filing of remittitur.*

*E. J. Cornish,* for plaintiffs in error.

*Isaac Adams, contra.*

SULLIVAN, J.

This proceeding in error brings here for review a judgment of the district court in favor of Bert Glendore Wheeler, a minor, and against George E. Barker and William S. Rector. The action was instituted by Miss Wheeler's guardian to recover of the defendants, as sureties upon the official bond of James W. Eller, a sum of money which, it is alleged, Eller received in trust for the plaintiff, and converted to his own use while acting

as judge of the county court of Douglas county. After stating that the money in question was paid into court by the administrator of the estate of Bert G. Wheeler, deceased, in pursuance of an order of the court, and that such money belonged to the plaintiff, and was received by Eller as county judge, the petition charges "that said Eller wrongfully, fraudulently and corruptly and in gross violation of his duties as such county judge, after having obtained possession of said funds as aforesaid, thereafter converted said sum of $1,935.92, the amount belonging to this plaintiff, to his own use, and that ever since said date, said Eller has retained all of said last mentioned sum, save $485.92, though payment thereof has been frequently demanded by plaintiff's guardian." The defendants answered, admitting that the plaintiff was an infant; that Eller was county judge of Douglas county during 1892 and 1893, and that they were sureties upon his official bond. The other averments of the petition were denied in general terms.

The first contention of defendants is that the money which Eller was charged with having converted to his own use was not received by him in his official capacity, and that, therefore, the misappropriation of it did not constitute a breach of his official bond. This precise question has been already considered and decided by this court in this case. By the former decision it is settled, so far as this litigation is concerned, that "where a county judge orders an administrator to pay money into court and the latter does so and the county judge receives the money, it is, on his part, an official act and he is liable therefor upon his official bond." *Wheeler v. Barker*, 51 Nebr., 846. The doctrine thus declared appears to be sound. At any rate it is the law of the case and will not be re-examined at this time. *Ripp v. Hale*, 45 Nebr., 567; *Coburn v. Watson*, 48 Nebr., 257; *Omaha Life Ass'n v. Kettenbach*, 55 Nebr., 330; *Hayden v. Frederickson*, 59 Nebr., 141; *Home Fire Ins. Co. v. Johansen*, 59 Nebr., 349.

To show that Eller had converted the plaintiff's money,

there was produced at the trial and received in evidence the record of a decree rendered by the district court of Douglas county in an action brought by the plaintiff against Eller alone. The sureties contend that the judgment against their principal is not admissible against them and does not tend to establish their liability, while the guardian insists that it is not only competent, but indisputable proof. We think the record was sufficiently identified; that it was properly received and that it constituted *prima facie* evidence of the alleged conversion. In *Fire Association of Philadelphia v. Ruby*, 49 Nebr., 584, it was held that a judgment of amercement against an officer is *prima facie* evidence against his sureties when sued upon their bond. This decision seems to be supported by the preponderance of adjudged cases and it will be adhered to. *Graves v. Bulkley*, 25 Kan., 249; *Fay v. Edmiston*, 25 Kan., 439; *Lipscomb v. Postell*, 38 Miss., 476; *Charles v. Hoskins*, 14 Ia., 471; *Stephens v. Shafer*, 48 Wis., 54; *Beauchaine v. McKinnon*, 55 Minn., 318; *Norris v. Mersereau*, 74 Mich., 687. *Thomas v. Markmann*, 43 Nebr., 823, and *Lewis v. Mills*, 47 Nebr., 910, holding that such a judgment is conclusive upon the sureties, appear to be, in part at least, based upon *Pasewalk v. Bollman*, 29 Nebr., 519, which merely decides that a surety who agrees to pay any judgment that may be recovered against his principal must, in the absence of fraud or collusion, abide by his contract. That the court in the last mentioned case clearly recognized the distinction between agreements of sureties to be bound by judgment against their principals and general undertakings to answer for official misconduct is shown by the following statement in the opinion: "In the case of most official bonds the sureties do not promise to pay any judgment rendered against the principal, hence a judgment against the official on such a bond is not conclusive upon the sureties where the latter had no notice of the suit." The defendants in the present case did not agree to satisfy any judgment that might be recovered against their principal. Their undertaking

was, in general terms, that he would perform his official duty. Upon the question of whether he had been guilty of misconduct in office, they were entitled to be heard. It is contrary to natural justice that they should be concluded by a judgment to which they were not parties, and by which they did not agree to be bound. While *Thomas v. Markmann, supra,* and *Lewis v. Mills, supra,* are not without the support of respectable authority, we are of opinion that they extend the liability of the surety beyond the terms of his agreement and disregard entirely the strict rule of construction applicable to such contracts. To the extent that those cases are in conflict with *Fire Association of Philadelphia v. Ruby, supra,* they are overruled.

A further contention of defendants is that the evidence given at the trial does not establish a breach of the condition of the bond in suit. We think it does. The petition alleged that Eller, as county judge, received the plaintiff's money, and afterwards converted it to his own use. The answer merely denied this charge; it did not plead payment or accord and satisfaction. If Eller received the money and misappropriated it during his term of office, or failed to turn it over to the proper person at the close of his term, he was guilty of official misconduct. The decree in the case brought by the plaintiff against Eller alone was rendered on December 18, 1897, and is based in part upon the following findings:

"2. That on the 29th day of March, 1892, said defendant while acting as judge of said court and as such court and judge thereof, obtained possession of the sum of $1,935.19 belonging to plaintiff, said money being inherited by plaintiff from her deceased father, Bert G. Wheeler, whose estate was then in process of settlement in said county court.

"3. That of said money the sum of $1,450, defendant ever since said last mentioned date, has failed, neglected and refused to pay to the guardian of plaintiff, or any part thereof."

These findings show that Eller received the plaintiff's money by virtue of his office, and that he retained the greater portion of it after he ceased to be county judge. According to these findings, Eller must have been guilty of conversion on or before January 3, 1894. It was lawful for him, as judge of the county court, to receive the money, but it was not lawful for him to retain it after the expiration of his official term. The evidence on the part of the plaintiff conclusively established a conversion, and, the defendants having failed to plead or prove anything in avoidance, the only controverted question was the amount of their liability. While there is evidence in the record tending to prove that Eller obtained the plaintiff's money with intent to cheat and defraud her, it is not certain that he actually appropriated any part of such money to his own use before the end of his term. The defendant offered to show that there was no default on the part of their principal prior to January 4, 1894, but the trial court rejected the evidence on the theory that the decree against Eller fixed indisputably the liability of his sureties and the extent of such liability. The proffered evidence should have been received; it was error to exclude it. Notwithstanding this error, the plaintiff was entitled on May 11, 1899, the day the verdict was returned, to a judgment for $1,985.13; and the judgment for that amount with interest will be affirmed if there be a remission of the excess within sixty days. In case the plaintiff does not file a remittitur for such excess with the clerk of this court within the time aforesaid, the judgment will be reversed.

JUDGMENT ACCORDINGLY.