**COUNTY OF HOLT, NEBRASKA,**
**Plaintiff,**

v.

**Phillip K. JOHNSON and Arch D. Harrold, d/b/a Equity Tax Service and Universal Surety Co., Inc., Defendants.**

**No. CV72–L–157.**

United States District Court,
D. Nebraska.

May 17, 1972.

John S. Pierce, Lincoln, Neb., for plaintiff.

William Zastera, Nebraska City, Neb., Otto Wellensiek, Syracuse, and James W. Hewitt, Lincoln, Neb., for defendants.

## MEMORANDUM

URBON, Chief Judge.

This matter is here on a motion of the plaintiff to remand the action to the District Court of Holt County, Nebraska, on the ground that common citizenship of the plaintiff and defendant Universal Surety Co., Inc. operates to destroy jurisdiction.

By virtue of 28 U.S.C. § 1441(b) removal of this action, which is for breach of contract, may be had only if none of the defendants is a citizen of Nebraska. The defendant Universal Surety Co., Inc. is a citizen of Nebraska, but the defendants argue that removal is justifiable because Universal Surety Co., Inc. is merely a nominal or formal party whose presence may be ignored for diversity purposes.

It is correct that the presence of a nominal or formal party will not defeat jurisdiction, Bradley v. Maryland Casualty Company, 382 F.2d 415 (C.A. 8th Cir. 1967), but the rule does not fit the present case because Universal Surety Co., Inc. is not merely a nominal or formal party. It is a surety on an indemnity bond and the action is one which, if the

---

3. Commonwealth v. Tinson, 433 Pa. 328, 249 A.2d 549 (1969).

allegations of the complaint are accurate and true, will place liability upon both the principal and the surety.

The early case of Mutual Reserve Fund Life Association v. Farmer, 77 F. 929 (C.A. 8th Cir. 1896), is authority directly opposed to the defendants' position. The court said:

"In framing the petition for the removal of the case from the state court to the federal court, it seems to have been assumed and claimed by counsel for the life association, that the case was removable for two reasons: First, because the Union Guaranty & Trust Company was merely a 'nominal or formal party' ; and, second, because there was a separate controversy, which was wholly between citizens of different states, to wit, a controversy between the plaintiff, on the one hand, and the life association, on the other, who were citizens of different states. But neither of these views can be sustained. In an action to enforce a bond, note, or other contract, which is brought against the principal therein and his surety, it cannot be said that the surety is merely a 'nominal or formal party.' The obligation assumed by the surety in such cases is coextensive with that of the principal debtor, and if the plaintiff sees fit to sue the surety, together with the principal, in a suit brought to enforce the obligation, the presence of the surety upon the record cannot be ignored, in an application made to remove the case to the federal court, on the theory that the surety is merely a nominal party. This proposition is too self-evident to admit of further discussion.

"The proposition is equally untenable that an action brought against a principal and his surety on a bond, note, or other obligation involves a separable controversy, such as will entitle one of the defendants to remove the case to the federal court if he and the plaintiff happen to be citizens of different states. In such cases the cause of action is single and indivisible, even though there are numerous defendants, and even though each defendant interposes a different defense. When there is but a single cause of action stated in the complaint or declaration, different defenses interposed by different defendants do not create separable controversies, within the meaning of the removal act. And this doctrine holds good whether the action sounds in contract or in tort. A suit cannot be removed on the ground of a separable controversy, unless the complaint discloses two or more causes of action, one of which is wholly between citizens of different states."

One of the consequences of a surety's presence in a case as a defendant with its principal is that judgment against the principal may be a prima facie showing against the surety of the principal's breach of obligation. Becker v. Koza, 53 F.R.D. 416 (U.S.D.C.Neb.1971). Such a holding would be inconsistent with the surety's being merely a formal or nominal party.

The cases cited by the defendants are not in point and, if they were, would not take a place of primacy in this circuit over the *Mutual Reserve* case. Fidelity & Casualty Co. of New York v. Wilson, 105 F.Supp. 454 (U.S.D.C.S.C.1952) was an interpleader action commenced by the surety as a disinterested stakeholder. Stonybrook Tenants Association, Inc. v. Alpert, 194 F.Supp. 552 (U.S.D.C.Conn. 1961) dealt with the effect of two inactive corporations as parties defendant where the corporations had no interest in the claims asserted in the action and had no capacity to respond in damages or in affording equitable relief. The surety in the present case is not a disinterested stakeholder, may be liable on the claims, and, at least ostensibly, has the capacity to respond.

An order remanding the case will be entered today.